UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-550-GCM
[3:02cr238-GCM-1]

| MARION ALEX HOWARD, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**THIS MATER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on Respondent's Motion to Dismiss, (Doc. No. 3), and on Respondent's Response in Support re Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 7). After issuance of a Simmons screening Order, and after Respondent filed a Motion to Dismiss the § 2255 petition based on the applicable one-year limitations period under Section 2255(f), Respondent has now filed a Response, in which Respondent is now waiving the one-year limitations period and has conceded that Petitioner is entitled to the relief he seeks in the form of vacating his conviction of being a felon in possession of a firearm.

On September 2, 2003, Petitioner was convicted in this Court of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The underlying felony for which Petitioner was convicted carried with it a maximum of eight months imprisonment. Respondent concedes that under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the conviction was not for an offense punishable by more than one year in prison; therefore, Petitioner lacks a qualifying, predicate conviction for purposes of being convicted of being a felon in

possession of a firearm under 18 U.S.C. § 922(g)(1). Respondent, therefore, seeks to waive the applicable one-year limitations period and requests that this Court vacate its September 2, 2003, judgment of conviction against Petitioner in 3:02cr238.

A Section 2255 claim not brought within one year of the date on which a conviction has become final under Section 2255(f) is procedurally barred. A procedural bar, however, may be excused where the petitioner demonstrates "cause and prejudice," or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998). Here, the government concedes that Petitioner is actually innocent of the felon-in-possession conviction, and the government has expressly waived the one-year limitation period. The Supreme Court held in Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006), that where the government intelligently chooses to waive a statute of limitations defense, a district court is not at liberty to disregard that choice. Although Day involved a state habeas petition, this Court finds that where the government intelligently waives the one-year limitations period in the context of a motion under Section 2255, the logic of Day would direct that this Court is not at liberty to disregard that waiver.

In sum, because Respondent has expressly waived the one-year limitations period,[1] has conceded that Petitioner is actually innocent of the felon-in-possession conviction under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and has requested that this Court vacate Petitioner's conviction, and because the Court agrees that Petitioner is actually innocent under Simmons,

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

---

[1] The conclusion here does not run afoul of the Fourth Circuit's recent decision in Powell v. United States, 691 F.3d 554 (4th Cir. 2012), because in Powell the government did not waive the one-year limitations period, nor did it seek to have the Court vacate Powell's convictions.

-2-

Case 3:11-cv-00550-GCM   Document 9   Filed 12/05/12   Page 2 of 3

(1) Petitioner's Motion to Vacate is **GRANTED** and petitioner's conviction is hereby **VACATED**;

(2) Inasmuch as Petitioner's conviction has been vacated, his sentence is also **VACATED**, and he is **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service and/or any conditions of supervised release/bond imposed in this matter;

(3) and Respondent's Motion to Dismiss, (Doc. No. 3), is **DENIED** as moot.

(4) To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(5) The Clerk of Court will certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: December 4, 2012

Graham C. Mullen
United States District Judge